UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEPHRONE WASHINGTON (#321815)**  CIVIL ACTION

**VERSUS**

**UNKNOWN VANNOY, ET AL.**  NO. 15-749-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 8, 2016.

	 _____
	 **RICHARD L. BOURGEOIS, JR.**
	 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHRONE WASHINGTON (#321815)                CIVIL ACTION

VERSUS

UNKNOWN VANNOY, ET AL.                         NO. 15-749-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties Cross Motions for Summary Judgment (R. Docs. 8 and 13).

The *pro se* plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Darryl Vannoy, Dr. Unknown Cleveland, and Nurse Unknown Travis, complaining that his constitutional rights have been violated through deliberate indifference to his serious medical needs.  The plaintiff seeks compensatory and punitive damages.

The plaintiff moves for partial summary judgment on his claims against all defendants, relying upon the pleadings and his own Declaration.  Defendant Vannoy moves for summary judgment relying upon the pleadings, a Statement of Undisputed Material Facts, and a certified copy of the plaintiff's pertinent Administrative Remedy Procedure ("DCI-15-397").

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges the following: On January 11, 2015, the plaintiff slipped and fell in a puddle of water. As he was falling, the plaintiff heard "something pop" in his left knee. The plaintiff sought medical attention and was administered a shot of Toradol and was kept overnight. Thereafter, the plaintiff made numerous sick calls beginning on January 23, 2015, through the date of the filing of his Complaint. During one sick call "Nurse Dustin" denied the plaintiff medical care and threatened him with bodily harm. Five

months later, the plaintiff was sent to Hunt Correctional Center to be examined by a doctor at that facility. The doctor informed the plaintiff that DCI had "waited so long" that the doctor could do nothing for his knee other than refer him for physical therapy.

The Court will first address defendant Vannoy's Motion for Summary Judgment (R. Doc. 13). Defendant Vannoy contends that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, supra, 385 F.3d at 516, *quoting Porter v. Nussle*, supra, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

A review of the certified copy of the plaintiff's pertinent Requests for Administrative Remedy shows that the plaintiff submitted an ARP ("DCI-15-397") which was stamped as

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

received by the Assistant Warden on May 26, 2015.  The plaintiff stated therein that he had fallen in a puddle of water on January 11, 2015, and detailed the treatment he received thereafter for an injury to his left knee.  The plaintiff complained that when he sought additional medical treatment, he was threatened with bodily harm by "Nurse Dustin," and "Sgt. Vanna" further instigated the matter by closing the plaintiff in a room with "Nurse Dustin" and telling the nurse, "you can handle him he only has one leg."  Following the incident with "Nurse Dustin" the plaintiff was scheduled for a doctor's appointment, and upon seeing the doctor was scheduled for an MRI on May 11, 2015.  The plaintiff complains in his ARP that his appointment was cancelled, and had not been rescheduled as of the date of his ARP – May 20, 2015.  *See* R. Doc. 13-3, p. 2.  The plaintiff requested relief in the form of medical care, and for the medical staff and security to exhibit professionalism while performing their duties.

This ARP was rejected.  The Notice of Rejection states, "Your request has been rejected for the following reason(s): REJECTED – CONFLICT W/STAFF – QUALITY OF MEDICAL TREATMENT."  The plaintiff's ARP has handwritten notations of "Time," "0700 – Conflict w/ staff," "0103 – Quality of Medical Treatment," and "Rejected."  *See* R. Doc. 13-3, p. 2 and 3.

The plaintiff's ARP was not properly rejected.  The Louisiana Administrative Remedy Procedure provides that if a grievance is rejected, it must be for one of the reasons set forth in § 325(I), and the reasons shall be noted on the request for administrative remedy or on the offender's written letter.  *See* La. Admin. Code Tit. 22, PT. I, § 325(I)(1)(a)(ii).  While, as pointed out by defendant Vannoy in his Motion, "a multiple complaint," "established rules and procedures were not followed," and "a time lapse of more than 90 days between the event and the initial request" are listed as reasons a grievance may be rejected, none of these reasons are listed in the Notice of Rejection or on the plaintiff's ARP.  The only possible exception is the

handwritten notation of "Time" on the plaintiff's ARP; however, it is unclear whether more than 90 days elapsed between the events complained of and the filing of the plaintiff's grievance. The plaintiff does mention the January 11, 2015 fall but appears to be complaining about his subsequent medical treatment, not the fall itself. Based upon the record before the Court, the plaintiff was not adequately informed as to the reasons for the rejection of his grievance, or his right to resubmit his grievance in accordance with proper procedure. As such, the Court is unable to conclude that the plaintiff claims are subject to dismissal for failure to exhaust administrative remedies, and defendant Vannoy is not entitled to summary judgment at this time. *See Dempsey v. Cain*, 2010 WL 3081527, at *5 (M.D. La. July 8, 2010).[2]

Turning to the plaintiff's Motion for Partial Summary Judgment (R. Doc. 8), while the plaintiff states that he is moving for summary judgment as to the "liability, Medical Malpractice"

---

[2] Additionally, subsection I of the Louisiana Administrative Remedy Procedure provides in pertinent part, "The ARP screening officer shall furnish the offender with notice of the initial acceptance or rejection of the request to advise that his request is being processed or has been rejected…If a request is rejected, it must be for one of the following reasons, which shall be noted on the request for administrative remedy or on the offender's written letter…(g). The offender has requested a remedy for more than one incident (a multiple complaint)…(h). Established rules and procedures were not followed…(i.) There has been a time lapse of more than 90 days between the event and the initial request.." *See* La. Admin. Code Tit. 22, PT. I, § 325(I).

The Louisiana Administrative Remedy Procedure further provides in pertinent part, "Prior to filing a grievance in federal or state court, unless specifically excepted by law, the offender must exhaust all administrative remedies. Exhaustion occurs…when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening." *See* La. Admin. Code Tit. 22, PT. I, § 325(F)(3)(a)(viii)(c). Based on a plain reading of the foregoing, pursuant to § 325(F)(3)(a)(viii)(c), the Code provides that plaintiff's grievances were exhausted when they were rejected for the reasons specified in § 325(I).

At least one Court has applied these provisions to find that a plaintiff's claims were exhausted upon rejection in the screening process. In *Anderson v. Wilkinson*, 2014 WL 992078 (W.D. La. Mar. 13, 2004), the defendants filed a Motion for Summary Judgment asserting that the plaintiff failed to exhaust his administrative remedies as required by the PLRA. Anderson's grievance was rejected pursuant to § 325(I)(a)(ii)(f) because the request was not written by the offender and a waiver was not approved. Relying upon § 325(I)(1)(a)(i) and (b), the Court concluded that because Anderson's grievance was rejected at the first step, Anderson was not required to pursue the grievance to the second step. The Court further concluded that upon rejection of Anderson's grievance by the screening officer for a reason specified in § 325(I), the grievance was exhausted under § 325(F), and the Court denied the defendants' Motion for Summary Judgment.

In two matters pending before this Court, the parties have been ordered to provide supplemental briefs regarding the effect of the definition of exhaustion in § 325, the applicability to the plaintiff's rejected ARPs, and how § 325 comports with the requirements of 42 U.S.C.A. § 1997e(a). Given the current interpretation of the issue by the Western District, defendant Vannoy would also not be entitled to summary judgment at this time based upon a plain reading of the aforementioned administrative provisions.

of all defendants, a review of the record reveals that defendants Cleveland and Travis have not been served.  See R. Doc. 10.  Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure at the time of the filing of the Complaint, the failure to serve defendants Cleveland and Travis within 120 days of commencement of an action is cause for dismissal of these defendants from the proceeding.  Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge.  Since being informed of the lack of service, the plaintiff has failed to take action to direct service on these defendants.  It is appropriate, therefore, that the plaintiff's claims asserted against defendants Cleveland and Travis be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

As to defendant Vannoy, the plaintiff merely states in his Declaration that defendant Vannoy or his designee improperly rejected an unspecified ARP.  However, the plaintiff is not constitutionally entitled to an investigation into his administrative claims or informal complaints, or to a fair or favorable response thereto.  *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007).  *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having his administrative claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless").  Based upon the record before the Court, the plaintiff is not entitled to summary judgment at this time.

## RECOMMENDATION

It is recommended that plaintiff's claims against defendants Cleveland and Travis be dismissed, without prejudice, for failure of the plaintiff to serve these defendants within 120 days

as mandated by Federal Rule of Civil Procedure 4(m) at the time of the filing of the plaintiff's Complaint.  It is further recommended that the parties Cross Motions for Summary Judgment (R. Docs. 8 and 13) be denied, and that this matter be referred back to the undersigned for further proceedings as appropriate.

    Signed in Baton Rouge, Louisiana, on June 8, 2016.

                                    **RICHARD L. BOURGEOIS, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**