UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEPHRONE WASHINGTON (#321815)**                             **CIVIL ACTION**

**VERSUS**

**UNKNOWN VANNOY, ET AL.**                                    **NO. 15-749-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 3, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHRONE WASHINGTON (#321815)                              CIVIL ACTION

VERSUS

UNKNOWN VANNOY, ET AL.                                      NO. 15-749-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by defendant Warden Darryl Vannoy (R. Doc. 18). This motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Darryl Vannoy, Dr. Unknown Cleveland, and Nurse Unknown Travis, complaining that his constitutional rights have been violated through deliberate indifference to his serious medical needs.[1] The plaintiff seeks compensatory and punitive damages.

In the instant motion, defendant Vannoy first seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against the defendant in his official capacity. In this regard, defendant Vannoy is correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and

---

[1] Defendants Cleveland and Travis were previously dismissed from this matter for failure of the plaintiff to serve these defendants within 120 days as mandated by Federal Rule of Civil Procedure 4(m) at the time of the filing of the plaintiff's Complaint. *See* R. Docs. 14 and 17.

made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claims asserted against defendant Vannoy in his official capacity for monetary damages are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against defendant Vannoy in his individual capacity remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must be able to prove a deprivation of his constitutional civil rights in order to obtain any entitlement to relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, defendant Vannoy next asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

is entitled to relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges the following:  On January 11, 2015, the plaintiff slipped and fell in a puddle of water.  As he was falling, the plaintiff heard "something pop" in his left knee.  The plaintiff sought medical attention and was administered a shot of Toradol and was kept overnight.  Thereafter, the plaintiff made numerous sick calls beginning on January 23, 2015, through the date of the filing of his Complaint.  During one sick call "Nurse Dustin" denied the plaintiff medical care and threatened him with bodily harm.  Five months later, the plaintiff was sent to Hunt Correctional Center to be examined by a doctor at that facility.  The doctor informed the plaintiff that DCI had "waited so long" that the doctor could do nothing for his knee other than refer him for physical therapy.

In order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the

constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has made no allegations of personal involvement on the part of defendant Vannoy. Any implied allegation that defendant Vannoy is responsible for the actions of his subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra.* In this regard there is no basis for the imposition of liability against defendant Vannoy since the plaintiff makes no specific allegations with regards to defendant Vannoy.

Even if the plaintiff's allegations are construed as pertaining to defendant Vannoy, his claims fare no better. Regarding the plaintiff's claim of deliberate indifference to his serious medical needs, in order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth

Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).  As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.  The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*.  Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

In the instant matter, the plaintiff makes no allegation against defendant Vannoy regarding plaintiff's medical care which tends to show deliberate indifference on the part of defendant Vannoy.  Accordingly, the plaintiff's Complaint, as amended, fails to state a claim for deliberate indifference to his serious medical needs against defendant Vannoy.

The plaintiff also complains of deliberate indifference to his safety due to the lack of a "Wet Floor" warning sign.  Again, the plaintiff makes no specific allegations as to defendant Vannoy.  Nevertheless, at most, his allegations raise nothing more than negligence.  *See Marsh v. Jones,* 53 F.3d 707, 712 (5th Cir.1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference).  The negligent act of an official that causes loss or injury will not state a claim under § 1983.  *Daniels v. Williams,* 474 U.S. 327, 328 (1986).  The plaintiff's claim does not present issues of federal constitutional dimension and should be dismissed.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if the state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends that the plaintiff's federal claims asserted in this proceeding be dismissed, it is appropriate that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Court decline the exercise of supplemental jurisdiction over any state law claims and that the defendant's Motion to Dismiss (R. Doc. 18) be granted, and that this matter be dismissed.

Signed in Baton Rouge, Louisiana, on January 3, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**